IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **BRANDON JONES,** | Case No. 3:19 CV 1190 |
| Plaintiff, | Judge James G. Carr |
| v. | Magistrate Judge James R. Knepp II |
| **CORRECTIONS OFFICER GRIMM,** *et al.***,** | |
| Defendants. | **REPORT AND RECOMMENDATION** |

### INTRODUCTION

*Pro se* Plaintiff Brandon Jones ("Plaintiff"), a prisoner in state custody, filed this civil rights action, asserting constitutional claims under 42 U.S.C. § 1983 against several correctional officers at the Trumbull Correctional Institution. (Doc. 1). The district court has jurisdiction over this case under 28 U.S.C. § 1331. This case has been referred to the undersigned for preparation of a Report and Recommendation pursuant to Local Rule 72.2. (Non-document entry dated September 18, 2019). Currently pending before the Court is Defendants' Motion to Dismiss. (Doc. 11). Plaintiff has not filed a response, and the time in which to do so has passed. *See* Local Rule 7.1(d) (providing 30 days to file a response to a case-dispositive motion). For the reasons discussed below, the undersigned recommends Defendants' Motion to Dismiss be GRANTED.

### FACTUAL BACKGROUND

The following facts are taken from the allegations in Plaintiff's Complaint and presumed to be true for purposes of deciding the pending motion to dismiss.

On September 9, 2016, while Plaintiff was handcuffed and in a transitional programming unit holding cage, Defendant Hall ordered Defendant Renstrom "to administer O.C. spray while

Defendant Groves recorded." (Doc. 1, at 5-6). Plaintiff contends he did nothing to provoke this activity. *Id.* at 6.

On November 10, 2016, Plaintiff filed an informal prison complaint and received no response. *Id.* at 7.

On December 25, 2016, Plaintiff was strip-searched by Defendants Grimm and Lavalliere. (Doc. 1, at 3). Defendant Wadolowski told Plaintiff he was searched due to a report that Plaintiff was distributing Suboxone. *Id.* at 4. While Plaintiff was undressing, he contends Defendant Grimm "repeatedly threatened to spray [him]", placed a can of mace in his face, and correctional officers stood by "with their cans of O.C. spray held up against the holding area." *Id.* Defendant Grimm also "show[ed] acts of aggression and malice" and Plaintiff, "out of fear for his life", knelt down "to take cover" and was sprayed with mace by Defendants Grimm, Wadolowski, Klemann, and others. *Id.* at 4-5. The officers laughed while deploying the mace, and Plaintiff asserts he overheard them discussing the amount of mace administered and betting on who sprayed the greatest amount. *Id.* at 5. Plaintiff was taken to medical and then back to the holding area. *Id.* Plaintiff was also taken to detox. *Id.* On the way there, Defendant Grimm "nearly pulled[] Plaintiff's arm out of place" by throwing him against a wall. *Id.*

On January 7, 2017, Plaintiff filed an informal prison complaint, and on January 10, 2017, he received a response indicating the incident was being investigated. *Id.* at 7. Plaintiff filed a grievance asserting the same claims on February 7, 2017, and an appeal on March 3, 2017. *Id.* He received no response.

On March 31, 2017, Plaintiff was "assaulted by numerous guards" while on his way from recreation; someone told him that Defendant Weimer "had destroyed [Plaintiff's] cell and took [his] T.V." *Id.* at 6. Plaintiff requested to see Defendant Weimer's supervisor, but "he instead

2

called the yard guard . . . and soon after, he sprayed [Plaintiff] with O.C. mace" without provocation. *Id.* Plaintiff asserts more guards arrived and sprayed him with mace, and Defendant Pratt "shot [him] with a gun full of rubber bullets, multiple times". *Id.* Plaintiff contends "all this was done because I asked to see a supervisor after being targeted with a campaign of retaliation, and reporting staff misconduct." *Id.* at 7.

Plaintiff's Complaint was docketed with this Court on May 23, 2019. (Doc. 1). It asserts claims under 42 U.S.C. § 1983 that Defendant correctional officers used excessive force in violation of Plaintiff's Eighth Amendment rights. *Id.* at 8-11. Plaintiff seeks injunctive and declaratory relief, as well as compensatory and punitive damages. *Id.* at 11.

### STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

Although the statute of limitations is an affirmative defense, dismissal of an action is appropriate under Rule 12(b)(6) if the "allegations in the complaint affirmatively show that the claim is time-barred." *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (6th Cir. 2016); *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If allegations . . . show that

3

relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]"). !!

### DISCUSSION

Defendants present four bases for dismissal: 1) the statute of limitations; 2) failure to state a valid retaliation claim; 3) mootness as to requests for declaratory and injunctive relief; and 4) qualified immunity. Plaintiff did not file a response in opposition. For the reasons discussed below, the undersigned recommends the Motion to Dismiss (Doc. 11) be granted.

Statute of Limitations – § 1983 Claims

Defendants first assert the Complaint must be dismissed as untimely-filed. The relevant statute, 42 U.S.C. § 1983, does not itself set a statute of limitations period. Rather, "federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought." *Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008); *see also Owens v. Okure*, 488 U.S. 235, 240–41 (1989). In Ohio, the relevant statute of limitations for § 1983 actions is found in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989); *see also Beach v. State of Ohio*, 79 F. App'x 754, 756 (6th Cir. 2003).

Although the statute of limitations is determined by reference to state law, "[t]he accrual date of a § 1983 action is a question of federal law," and the limitations period begins to run when "plaintiffs knew or should have known of the injury which forms the basis of their claims." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages." *Id.* at 391. The statute of limitations begins to run when the plaintiff knows or has reason to know of the act providing the basis for his injury has occurred. *See,*

4

*e.g.*, *Edison v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). To determine when Plaintiff's § 1983 claims accrued and the two-year statute of limitations began to run, the Court looks to the date when Plaintiff became aware of the claims he now raises. In excessive force claims, a cause of action generally accrues at the time the force is used. *See generally Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (claim of excessive use of force during arrest accrues at time of arrest); *Hodge v. City of Elyria*, 126 F. App'x 222, 225 (6th Cir. 2005) (same).

In this case, Plaintiff alleges excessive force was used against him on three occasions: September 9, 2016, December 25, 2016, and March 31, 2017. *See* Doc. 1. Thus, pursuant to a two-year statute of limitations, he was required to file suit on these claims by September 9, 2018, December 25, 2018, and March 31, 2019, respectively. Plaintiff's Complaint, filed May 23, 2019, is untimely.

This is so even if Plaintiff receives benefit of the prison mailbox rule. Under the prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). The Sixth Circuit has extended this rule to "civil complaints filed by *pro se* petitioners incarcerated at the time of filing." *Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002); *see also Scott v. Evans*, 116 F. App'x 699, 701 (6th Cir. 2004) (applying prison mailbox rule in an action filed pursuant to § 1983). Although the documents submitted by Plaintiff contain various signing dates, *see* Doc. 1, at 12 (Complaint signed February 25, 2019), Doc. 2, at 1 (Motion to Proceed *In Forma Pauperis* signed March 7, 2019), none of them contain a notarized statement or declaration under penalty of perjury stating that the documents were submitted to prison officials for mailing on these dates. *See* 28 U.S.C. § 1746.

And, in fact, Plaintiff's Affidavit accompanying his request to proceed *in forma pauperis* is dated May 1, 2019 (Doc. 2-1, at 3), and his *in forma pauperis* application which accompanied the filing of his Complaint is postmarked May 21, 2019, *see* Doc. 2-3, at 1. The most reasonable inference is thus that Plaintiff presented his Complaint to prison officials for mailing on the postmark date – May 21, 2019.

Defendants correctly point out that the Sixth Circuit has held that the statute of limitations applicable to a prisoner-initiated § 1983 suit tolls while the Plaintiff exhausts available administrative remedies. *See Waters v. Evans*, 105 F. App'x 827, 829 (6th Cir. 2004); *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000). Per his Complaint, Plaintiff took actions in an attempt to exhaust his administrative remedies between November 10, 2016 and March 3, 2017. *See* Doc. 1, at 7. These actions could toll his statute of limitations as to the events occurring prior to March 2017 (that is, the September 9 and December 25, 2016 events), but even taking into account such tolling (roughly four months), the Complaint remains untimely as to these incidents. And such actions cannot serve to toll the statute of limitations as it relates to the *subsequent* allegations of excessive force on March 31, 2017.

The § 1983 claims in Plaintiff's Complaint must therefore be dismissed as they are barred by the statute of limitations.[1]

---

[1]. It is somewhat unclear whether Plaintiff also intended to bring a § 1983 retaliation claim. In the facts section (but not the "legal claims" section) of his Complaint, Plaintiff asserts (after describing the alleged use of excessive force) that "all this was done because I asked to see a supervisor after being targeted with a campaign of retaliation, and reporting staff misconduct." (Doc. 1, at 7). But such a retaliation claim – based on the same incidents of alleged excessive force – would be time-barred for the same reasons set forth above. *See, e.g.*, *Baker v. City of Hollywood*, 391 F. App'x 819, 821 (11th Cir. 2010) (finding excessive force, failure-to-intervene, and retaliation claims time-barred because the events giving rise to the claims occurred on April 18, 2003, "when [plaintiff] was beaten at the holding facility," and it was clear "[f]rom the face of the complaint that [plaintiff] knew the facts underlying these claims" at that time).

Claims for Declaratory & Injunctive Relief

Plaintiff further seeks "a declaration that the acts and omissions described [in the complaint] violate his rights under the Constitution and laws of the United States." (Doc. 1, at 11). Because, as set above, those claims are not viable due to their untimely-filing, declaratory relief is not available. *See, e.g.*, *Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997) ("A request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred.").

Plaintiff also argues for injunctive relief, stating that he "has been and will continue to be irreparably injured by the conduct of the Defendants unless this Court grants the declaratory and injunctive relief which Plaintiff seeks." (Doc. 1, at 11). Plaintiff identifies Defendants in the Complaint as employees of "Trumbul Corrections Center" and then describes those Defendants' alleged actions. *See* Doc. 1, at 2-11. However, Plaintiff's Complaint also states that he is currently confined in Toledo Correctional Institution. Plaintiff's claim for injunctive relief is thus moot. *See Henderson v. Martin*, 73 F. App'x 115, 117 (6th Cir. 2003) (prisoner's claim for injunctive relief against prison officials became moot when prisoner was transferred from the prison of which he complained to a different facility); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (prisoner's claims for declaratory and injunctive relief for prison staff's improper examination of legal mail found moot because he was no longer confined at the facility that searched his mail).

**CONCLUSION AND RECOMMENDATION**

Following review, and for the reasons stated above, the Court recommends Defendants' Motion to Dismiss (Doc. 11) be GRANTED as Plaintiff's Complaint is time-barred on its face and his request for injunctive relief is moot.[2]

s/ James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

---

2. The undersigned declines to reach Defendants' additional arguments regarding the adequacy of Plaintiff's pleading as to his retaliation claim, the Eleventh's Amendment's bar on official capacity claims, and qualified immunity, as the motion can be resolved without reaching these arguments.